IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, | : : : : | |
| Plaintiff | : : | Civil Action No. 1:08-cv-00153 |
| v. | : : | (Chief Judge Kane) |
| BRETT JANIS and JOHN GRAFF, Defendants | : : : | |

## MEMORANDUM

Plaintiff Nationwide Property & Casualty Insurance Company ("Nationwide") initiated the above-captioned action on January 24, 2008, with the filing of a complaint against Defendants Brett Janis ("Janis") and John Graff ("Graff"), seeking a declaratory judgment that it has no duty to defend or indemnify Janis under a homeowners policy of insurance issued to Janis' parents.  (Doc. No. 1.)  Nationwide has since filed a motion for entry of default against Janis (Doc. No. 6) and a motion for entry of default judgment against Janis (Doc. No. 20), both of which are presently before the Court.  Nationwide filed the first motion, styled "Praecipe for Entry of Default Against Defendant Brett Janis," (Doc. No. 6) on April 8, 2008 and the second motion, styled "Motion of Plaintiff Nationwide Property & Casualty Insurance Company for Entry of Default Judgment Against Defendant Brett Janis Pursuant to Fed. R. Civ. P. 55(b)(2)," (Doc. No. 20) on June 2, 2008.[1]

---

[1] As noted above, Nationwide misidentified its first motion as a praecipe—a term taken from the Pennsylvania courts, not the Federal Rules of Civil Procedure.  See Pa. R. Civ. P. 1037. Unfortunately for the Court, both Nationwide and Graff persisted in referring to Nationwide's motion as a praecipe throughout the filings that followed.  This, despite the fact that neither the motion nor any documents related thereto make any mention of Pennsylvania law or procedural rules.  (See generally Doc. Nos. 6, 12, 13, 18, 19, 20, 21.)

**I.     BACKGROUND**

Nationwide filed its motion for entry of default against Janis on April 8, 2008. (Doc. No. 6.)  Approximately five weeks thereafter, Graff filed a motion to set aside default judgment (Doc. No. 12)—which, quixotically enough, the Clerk of Court had not entered—and a brief in support thereof (Doc. No. 13).[2]  Fifteen days later, Nationwide filed a document styled "Response of Defendant, [Nationwide], to Motion of Defendant, John Graff, to Set Aside Praecipe for Entry of Default Judgment Against Defendant, Brett Janis," in which it answered point-by-point each paragraph of Graff's motion as if it were a complaint, (Doc. No. 18) and a brief in opposition to Graff's motion (Doc. No. 19).  Nationwide filed its motion for entry of default judgment against Janis (Doc. No. 20) and a brief in support thereof (Doc. No. 21) on June 2, 2008.  Neither Janis nor Graff timely filed a brief in opposition to the latter motion.  See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . .").  Twenty-one days after being served with Nationwide's motion for entry of default judgment, Graff filed a document styled "Answer of Defendant, Jonn [sic] Graff to Motion of Plaintiff, Nationwide, for Entry of Default Judgment Against Defendant, Brett Janis" (Doc. No. 23) and a document styled "Brief of Defendant, Jonn [sic] Graff, in Response to Motion of Plaintiff's [sic] for Entry of Default Judgment Against Defendant, Brett Janis" (Doc. No. 24), the latter of which largely reiterates the arguments found in Graff's motion

---

[2] Graff uses the phrases "entry of default" and "entry of default judgment" interchangeably in his filings.  (See, e.g., Doc. Nos. 12, at 2; Doc. No. 13, at 2.)

to set aside default judgment (Doc. No. 12).[3]  Nationwide filed a reply brief on June 25, 2008. (Doc. No. 25.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 describes a straightforward two-step process for obtaining default judgment. See Fed. R. Civ. P. 55.  "The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." 10 James Wm. Moore et al., Moore's Federal Practice § 55.10[1] (3d ed. 2007).  No motion is needed and no order of court is involved.  If the default judgment is properly requested and the claim is for a sum certain, the clerk proceeds to the second step, entry of a default judgment for damages and costs.  Id. § 55.20[1].  Such situations are rare, however, and "in the vast majority of cases, a judicial determination is necessary to decide the extent of the injury or the valuation of the plaintiff's loss."  Id. § 55.20[2].  Entry of default and entry of default judgment are thus conceptually and procedurally distinct.

Rule 55 provides that the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  Fed. R. Civ. P. 55(a).  "The recognized practice is . . . simple and brief."  DeTore v. Local No. 245 of Jersey City Public Emp. Union, 511 F. Supp. 171, 176 (D.N.J. 1981).  To show that a party "has failed to plead or otherwise

---

[3] Graff refers to himself as both "Jonn Graff" and "John Graff" in his brief in opposition. (Compare Doc. No. 24, at 1 ("The Defendant, Jonn Graff, arrived to [sic] the Beta Nu Chapter of Alpha Sigma Tao Sorority at approximately 12:00 a.m. on January 29, 2006.") with (Id., at 2 ("On January 24, 2008, this declaratory judgment action was filed by Nationwide against Brett Janis and John Graff . . . .").  Nevertheless, Graff admitted to being "John Graff," as alleged in the third paragraph of Nationwide's complaint.  (See Doc. No. 1, at 1; Doc. No. 7, at 1.)

defend . . . by affidavit or otherwise" means, quite simply, to attest by a sworn statement or unsworn declaration under penalty of perjury, 28 U.S.C. § 1746, that more than 20 days have elapsed since service of the summons and complaint, and that no answer has been served, see 511 F. Supp. at 176.  The evidentiary bar for entry of default judgment is set equally high: "Unless there are very unusual circumstances to justify it, the evidentiary material offered in support of a final judgment should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits." Oceanic Trading Corp. v. Vessel Diana, 423 F.2d 1, 4 (2d Cir. 1970).

Over the past ten weeks, Nationwide and Graff have filed a combined 158 pages worth of motions, briefs, and exhibits in connection with the instant motions for entry of default and entry of default judgment.  (See Doc. Nos. 6, 12, 13, 18, 19, 20, 21, 23, 24.)  Astoundingly, no affidavit or other proof has ever been filed with the Clerk of Court as required by Rule 55(a), and, accordingly, no default has been entered.  Janis, for his part, has yet to enter an appearance or, judging by the docket, to answer the complaint.  However, appearances notwithstanding, the Court does not have the power to excuse the lack of an affidavit concerning Janis' alleged default.  Cf. Servicemembers Civil Relief Act, 28 U.S.C. App. § 501-596 (2006); Moore et al., supra, § 55.10[1] ("The [Servicemembers Civil Relief] Act is clear that an affidavit is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met.").  An unsworn, unsigned six-paragraph praecipe simply will not suffice.  (Doc. No. 6.)

For the foregoing reasons, the Court will strike Nationwide's motion for entry of default against Janis (Doc. No. 6) and its motion for entry of default judgment against Janis (Doc. No. 20), as well as all documents related thereto, without prejudice as to Nationwide's right to file an affidavit or unsworn declaration under penalty of perjury with the Clerk of Court showing that Janis has failed to plead or otherwise defend, <u>see</u> Fed. R. Civ. P. 55(a). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONWIDE PROPERTY &** | : | |
| **CASUALTY INSURANCE** | : | |
| **COMPANY,** | : | |
|     **Plaintiff** | : | Civil Action No. 1:08-cv-00153 |
| | : | |
| **v.** | : | (Chief Judge Kane) |
| | : | |
| **BRETT JANIS and JOHN GRAFF,** | : | |
|     **Defendants** | : | |

# ORDER

**AND NOW**, on this 11TH day of July, 2008, upon due consideration of Plaintiff Nationwide Property & Casualty Insurance Company's motion for entry of default against Defendant Brett Janis (Doc. No. 6) and its motion for entry of default judgment against Defendant Brett Janis (Doc. No. 20), **IT IS HEREBY ORDERED THAT** the motions (Doc. Nos. 6, 20) and all documents related thereto (Doc. Nos. 12, 13, 18, 19, 21, 23, 24) are **STRICKEN**.

                                                      S/ Yvette Kane
                                                      Yvette Kane, Chief Judge
                                                      United States District Court
                                                      Middle District of Pennsylvania